**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO:**

JAMES DUMAY,

    Plaintiff,

vs.

AKIMA GLOBAL SERVICES, LLC
A Foreign Limited Liability Company,

    Defendant.

_____/

**COMPLAINT**

COMES NOW, the Plaintiff, JAMES DUMAY (hereinafter "Plaintiff'), on behalf of himself by and through undersigned counsel, files this Complaint against Defendant, AKIMA GLOBAL SERVICES, LLC, A Foreign Limited Liability Company, and states as follows:

1. This is an action by the Plaintiff for declaratory and injunctive relief and damages exceeding $15,000, excluding attorneys' fees and costs, to redress injuries sustained from Defendant's unlawful, retaliatory discharge in violation of the Civil Rights Act of 1866, 42 U.S.C. §1981 ("§ 1981").

2. At all times hereto, Plaintiff was a resident of Miami-Dade County, within the jurisdiction of this Honorable Court.

3. Plaintiff is a covered employee for purposes of 42 U.S.C. § 1981.

4. Defendant is a Florida Profit Corporation authorized to conduct business in the State of Florida.

5. All conditions precedent for the filing of this action before this Court has been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

6. This Honorable Court has jurisdiction over the matter pursuant to 42 U.S.C. §1981, a federal question.

7. No administrative exhaustion or other conditions precedent are required prior to the filing of claims under 42 U.S.C. §1981.

## FACTUAL ALLEGATIONS

8. On or about October 26, 2017, Plaintiff filed a Complaint alleging violations pursuant to the Florida Civil Rights Act of 1992, Florida Statutes, Chapter 760, *et seq.* ("FCRA"), and Civil Rights Act of 1866, 42 U.S.C. §1981 to redress injuries from Defendant's unlawful discriminatory treatment of Plaintiff based on race and national origin in state court. The case was assigned as CASE NO. 2017-025096-CA-01.

9. On or about December 4, 2017, the action was removed from state court to the United States District Court for the Southern District of Florida and assigned CASE NO. 17-cv-24390.

10. On or about June 26, 2018, Plaintiff filed a Notice of Settlement.

11. On or about July 10, 2018, and previously, Plaintiff had still been and was employed with Defendant.

12. On or about July 11, 2018, during active litigation, Defendant suspended Plaintiff from his employment without pay.

13. Shortly after, Plaintiff's employment was terminated on or about August 10, 2018 as an act of retaliation based off the ongoing litigation in CASE NO. 17-cv-24390.

## COUNT I
### *Retaliation in Violation of 42 U.S.C. § 1981 against Plaintiff*

14. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-13 of this complaint as if set out in full herein.

15. Plaintiff is a member of a statutorily protected class under § 1981.

16. By the conduct describe above, Plaintiff suffered a materially adverse action when Defendant retaliated against Plaintiff for exercising rights protected under § 1981.

17. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights and was directly related to Plaintiff's expression of a statutorily protected activity.

18. Defendant treated similarly situated employees who were not members of Plaintiff's protected class more favorably.

19. At all times, Plaintiff was qualified for the job benefit at issue.

20. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

21. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under federal law.

22. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such

action in the future.

23. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

24. So that Plaintiff's rights may be protected, Plaintiff has retained the undersigned counsel who is entitled to attorney's fees pursuant to 42 U.S.C. § 1988, the Civil Rights Attorneys Fee Award Act.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

   a. Adjudge and decree that Defendant has violated 42 U.S.C. § 1981, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

   b. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

   c. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

   d. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

   e. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

   f. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## JURY DEMAND

Plaintiff demands trial by jury of all issues triable as of right by jury.

Dated: August 30  2021                                  Respectfully submitted,

/s/: Anthony M. Georges-Pierre
**Anthony M. Georges-Pierre, Esq.**
Florida Bar No.: 533637
agp@rgpattorneys.com
**Max L. Horowitz, Esq.**
Florida Bar No.: 118269
mhorowitz@rgpattorneys.com
**REMER & GEORGES-PIERRE, PLLC**
44 West Flagler Street, Suite 2200
Miami, FL 33130
Telephone: (305) 416-5000
Facsimile: (305) 416-5005